IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| JEFF TUCKER | ) | |
| | ) | |
| v. | ) | NO. 2:13-0049 |
| | ) | |
| CITY OF COOKEVILLE, et al. | ) | |

TO: Honorable Kevin H. Sharp, District Judge

# R E P O R T   A N D   R E C O M E N D A T I O N

By Order entered June 28, 2013 (Docket Entry No. 3), the Court referred this action to the Magistrate Judge to enter a scheduling order, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending before the Court is the Defendants' Motion for Summary Judgment (Docket Entry No. 37), to which the plaintiff has not filed a response.[1] For the reasons set out below, the Court recommends that the motion be granted and this action be dismissed.

## I. BACKGROUND

The plaintiff is currently an inmate of the Tennessee Department of Correction ("TDOC") confined at the Charles Bass Correctional Center. On June 25, 2013, he filed this action pro se and in forma pauperis seeking damages against the City of Cookeville, Tennessee ("City of Cookeville")

---

[1] By Order entered January 6, 2014 (Docket Entry No. 40), the plaintiff was notified of the Defendants' motion and given a deadline of February 21, 2014, to file a response.

and three City of Cookeville employees: Chief of Police Robert Terry ("Chief Terry"), police officer Chris Melton ("Melton"), and a police officer identified as only "John Doe."[2] The plaintiff alleges that, on June 27, 2012, the two police officers were called to a house where he was arguing with his girlfriend. The plaintiff alleges that he had gone into a woods adjacent to the house and was attempting to surrender to the officers when they released a police dog ("K-9") who bit the plaintiff. The plaintiff further alleges that the officers failed to order the K-9 to release him and that the officers also "tased" him. The plaintiff alleges that he was taken to a local hospital where he was "placed in a drug induced coma because of the damage done to him." See Complaint (Docket Entry No. 1), at 4.

Based on these alleged events, the plaintiff asserts constitutional claims under 42 U.S.C. § 1983 contending that excessive force was used against him by the police officers and that the City of Cookeville and Chief Terry failed to properly train, supervise, and discipline its police officers. The plaintiff also asserts state law claims of negligence, assault, intentional infliction of emotional distress, and battery under the Tennessee Governmental Tort Liability Act ("TGTLA"). Id. at 4-11. The City of Cookeville, Chief Terry, and Melton filed an answer (Docket Entry No. 11) to the complaint, and a scheduling order (Docket Entry No. 15) was entered allowing for a period of pretrial activity in the action.

---

[2]The plaintiff did not amend his complaint to identify the "John Doe" defendant. However, in a letter to the Clerk of Court, the plaintiff identified Josh Ward as the "John Doe," and he also submitted a summons for Ward. See Docket Entry Nos. 6 and 8. Although the return receipt card for the summons was signed by "Tina Sullivan," see Docket Entry No. 14, there is no indication that Josh Ward has ever been served in the action and he has not responded to the complaint.

## II. MOTION FOR SUMMARY JUDGMENT

The Defendants contend that they are entitled to summary judgment as a matter of law on all claims raised by the plaintiff. They contend that the events of June 27, 2012, to which the plaintiff refers in his complaint, actually led to his arrest and conviction on multiple criminal charges, including resisting arrest, and that any federal constitutional claim of excessive force arising from these events is barred by the doctrine of issue preclusion and by the rule set out in <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), and its progency. Chief Terry also asserts that the claim against him in his official capacity is redundant because the City of Cookeville is also named in the action, that there are no facts supporting a claim of personal liability against him under Section 1983, that he is entitled to qualified immunity from a damage claim, and that he has complete personal immunity under the TGTLA from any state law claims. Finally, the City of Cookeville contends that there are no facts supporting a claim of municipal liability against it.

In support of their motion, the Defendants submit their Statement of Undisputed Material Facts (Docket Entry No. 39) and rely on the affidavits of Robert Terry (Docket Entry No. 37-5) and David Dukes (Docket Entry No. 37-6), copies of documents that were part of the criminal proceedings against the plaintiff (Docket Entry Nos. 37-1, 37-2, and 37-4), and excerpts from the plaintiff's guilty plea hearing and criminal trial (Docket Entry Nos. 37-3 and 37-7).

## III. STANDARD OF REVIEW

A motion for summary judgment is reviewed under the standard that summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the

3

movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. See also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In considering whether summary judgment is appropriate, the Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." Sowards v. Loudon Cnty., 203 F.3d 426, 431 (6th Cir.), cert. denied, 531 U.S. 875, 121 S.Ct. 179, 148 L.Ed.2d 123 (2000). In reviewing a motion for summary judgment, the Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Gribcheck v. Runyon, 245 F.3d 547, 550 (6th Cir.), cert. denied, 534 U.S. 896, 122 S.Ct. 217, 151 L.Ed.2d 155 (2001).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. Anderson, 477 U.S. at 249-50. However, "[t]he moving party need not support its motion with evidence disproving the non-moving party's claim, but need only show that 'there is an absence of evidence to support the non-moving party's case.'" Hayes v. Equitable Energy Res. Co., 266 F.3d 560, 566 (6th Cir. 2001) (quoting Celotex Corp., 477 U.S. at 325).

"Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." Goins v. Clorox Co., 926 F.2d 559, 561 (6th Cir. 1991). The party opposing the motion for summary judgment may not rely solely on

4

the pleadings but must present evidence supporting the claims asserted by the party. Banks v. Wolfe Cnty. Bd. of Educ., 330 F.3d 888, 892 (6th Cir. 2003). Moreover, conclusory allegations, speculation, and unsubstantiated assertions are not evidence, and are not sufficient to defeat a well-supported motion for summary judgment. See Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). In other words, to defeat summary judgment, the party opposing the motion must present affirmative evidence to support his or her position; a mere "scintilla of evidence" is insufficient. Bell v. Ohio State Univ., 351 F.3d 240, 247 (6th Cir. 2003) (quoting Anderson, 477 U.S. at 252).

## IV. CONCLUSIONS

Summary judgment should be granted to the Defendants and the plaintiff's action should be dismissed for a multitude of reasons.

Initially, the plaintiff has not responded to the motion for summary judgment with any evidence showing that genuine issues of material fact exist. When a motion for summary judgment is made and properly supported under Rule 56 of the Federal Rules of Civil Procedure, such as the motion filed by the Defendants, the non-moving party may not merely rest on allegations contained in the complaint, but must respond with affirmative evidence supporting his claims and establishing the existence of a genuine issue of material fact. See Celotex Corp., 477 U.S. at 323-24; Chao v. Hall Holding Co., Inc., 285 F.3d 415, 424 (6th Cir. 2002); Cloverdale Equip. Co. v. Simon Aerials, Inc., 869 F.2d 934, 937 (6th Cir. 1989); Gregg v. Allen-Bradley Co., 801 F.2d 859, 861 (6th Cir. 1986). As the Sixth Circuit has noted, when a defendant files a motion for summary judgment, the plaintiff is challenged to "put up or shut up" on a critical issue. Street v. J.C. Bradford & Co., 886

F.2d 1472, 1478 (6th Cir. 1989). Although the plaintiff is proceeding pro se, his pro se status does not relieve him of the obligation to set forth admissible evidence showing that genuine issues of material fact exist which require that the action proceed to trial. This is the threshold requirement for all non-moving parties when summary judgment is sought by an opposing party. Sixty Ivy St. Corp. v. Alexander, 822 F.2d 1432, 1435 (6th Cir. 1987). The plaintiff has offered no evidence that supports his claims or rebuts the evidence set forth by the Defendants.

The plaintiff's claim that Defendant Melton used constitutionally excessive force against him while arresting him is not cognizable because of his conviction of the criminal charge of resisting arrest. "[U]nder Tennessee law, an officer's excessive use of force is a defense to a charge of resisting or evading arrest; thus, a . . . conviction of such a charge necessarily includes a finding that the officer did not use excessive force." Roberts v. Anderson, 213 Fed.Appx. 420, 427 (6th Cir. 2007). The doctrine set out in Heck v. Humphrey, supra, holds that a plaintiff cannot recover in a Section 1983 suit when the basis for his claim necessarily implies the invalidity of a previous state criminal conviction that arises from the same set of facts. 512 U.S. at 487. See also Ruff v. Runyon, 258 F.3d 498, 502 (6th Cir. 2001). In order to pursue such a claim, a plaintiff must first successfully challenge the conviction through federal or state appellate, habeas, or other collateral proceedings. Heck, 512 U.S. at 486-87. Accordingly, a plaintiff who has an outstanding conviction for resisting arrest, such as the plaintiff, does not raise a cognizable Section 1983 claim based upon allegations that his arresting officers used excessive force against him during the arrest. See Matheney v. City of Cookeville, 461 Fed.Appx. 427, 430-32(6th Cir. Feb. 7, 2012); Cumming v. City of Akron, 418 F.3d 676 (6th Cir. 2005); Hayes v. Kingsport Police Dept., 2008 WL 782503, *4 (E.D. Tenn. March 20, 2008).

As to the Section 1983 claim against Chief Terry, it is well-settled that a defendant cannot be held individually liable under Section 1983 for constitutional violations absent a showing that the defendant was personally involved in some manner in the alleged unconstitutional conduct. Miller v. Calhoun Cnty., 408 F.3d 803, 817, n.3 (6th Cir. 2005); Hardin v. Straub, 954 F.2d 1193, 1196 (6th Cir. 1992). The plaintiff's complaint is devoid of any allegations showing that Chief Terry personally participated in, or otherwise authorized, approved, or knowingly acquiesced in, the alleged unconstitutional conduct as is required for a claim against him. As such, there is no basis for a claim of individual liability against Chief Terry. See Greene v. Barber, 310 F.3d 889, 899 (6th Cir. 2002); Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999), cert. denied, 530 U.S. 1264, 120 S.Ct. 2724, 147 L.Ed.2d 988 (2000); Leach v. Shelby Cnty. Sheriff, 891 F.2d 1241, 1246 (6th Cir. 1989). Furthermore, because respondeat superior is not a basis for liability under section 1983, the defendant's status as the Chief of Police does not render him personally liable for the acts of the individual police whom he supervises. Monell v. Department of Soc. Servs., 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); Rizzo v. Goode, 423 U.S. 362, 371-72, 375-77, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976).[3]

Similarly, the plaintiff has offered no evidence supporting a claim based on allegations that the City of Cookeville failed to train or supervise its police officers. To succeed on a failure to train or supervise claim, the plaintiff must prove the following: (1) the training or supervision was inadequate for the tasks performed; (2) the inadequacy was the result of the municipality's deliberate

---

[3] The Court's finding that there is no evidence supporting a claim against Defendant Terry is sufficient to warrant dismissal of the claim without full analysis of the qualified immunity defense that he raises. See Saucier v. Katz, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001); Jones v. Byrnes, 585 F.3d 971, 975 (6th Cir. 2009).

indifference; and (3) the inadequacy was closely related to or actually caused the injury. Ellis v. Cleveland Mun. Sch. Dist., 455 F.3d 690, 700 (6th Cir. 2006). In essence, the plaintiff in a failure to train case must do more than merely point to something the defendant could have done to prevent the unfortunate incident. City of Canton, Ohio v. Harris, 489 U.S. 378, 392, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989). The plaintiff in the instant case has not offered any evidence regarding the training program in place at the time of the events, let alone any evidence supporting a conclusion that the training program in place at the time of the events was inadequate. This failure alone requires summary judgment in favor of the City of Cookeville. See Matthews v. Jones, 35 F.3d 1046, 1049 (6th Cir. 1994).

To the extent that the plaintiff's letter to the Clerk is sufficient to substitute Josh Ward as the "John Doe" defendant, the plaintiff has nonetheless failed to show that process has been served upon Josh Ward and dismissal of Ward under Rule 4(m) of the Federal Rules of Civil Procedure would be appropriate. Further, any claim against Ward mirrors the claim against Defendant Melton. As set out supra, the plaintiff's excessive force claim is barred. Accordingly, the claim against Ward would likewise be barred even if he had been served and had joined in the motion for summary judgment.

Finally, to the extent that the plaintiff asserts claims under state law, the Court should decline to exercise jurisdiction over such claims. With the dismissal of the plaintiff's Section 1983 claims, the Court no longer has original jurisdiction over any claims brought by the plaintiff and the provisions of 28 U.S.C. § 1367(c) apply. This section provides that:

> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection(a) if --
> . . . .

> (3) the district court has dismissed all claims over which it has original jurisdiction,

The decision of whether to retain jurisdiction over state law claims upon the dismissal of the federal law claims asserted in an action is left to the broad discretion of the Court. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350-52, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988); Musson Theatrical, Inc. v. Federal Express Corp., 89 F.3d 1244, 1254 (6th Cir. 1996). In considering whether to continue to exercise supplemental jurisdiction over such state law claims, the Court must consider the provisions of Section 1367(c) and the factors the United States Supreme Court outlined in Cohill, 484 U.S. at 350-51, and United Mine Workers v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). These factors include judicial economy, convenience, fairness, and comity. Cohill, 484 U.S. at 350. Although not mandatory or absolute, the general rule is to decline to exercise jurisdiction over supplemental state law claims when all federal claims are eliminated from a case before trial. Musson, 89 F.3d at 1254-55 (gathering cases from the Sixth Circuit Court of Appeals that follow the general rule). In the instant action, the balance of factors weighs in favor of dismissal of plaintiff's state law claims.

## RECOMMENDATION

Based on the foregoing, the Court respectfully RECOMMENDS that:

1) the Defendants' Motion for Summary Judgment (Docket Entry No. 37) be GRANTED as to the plaintiff's claims under 42 U.S.C. § 1983 against Robert Terry and the City of Cookeville and these claims be DISMISSED WITH PREJUDICE;

2) the Defendants' Motion for Summary Judgment (Docket Entry No. 37) be GRANTED as to the plaintiff's excessive force claim under 42 U.S.C. § 1983 against Chris Melton and this claim be DISMISSED as barred by Heck v. Humphrey;

3) the Court decline to exercise supplemental jurisdiction over the plaintiff's state law claims and the state law claims be DISMISSED; and

4) any claim against Josh Ward be DISMISSED pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and for the same reason as the claim against Chris Melton should be dismissed.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of the Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET GRIFFIN
United States Magistrate Judge